A.C., by his parents and guardian, MARK
and KAREN COLLICHIO,

                      Plaintiffs,

                                                                  08-CV-6443T

                v.                      **DECISION
                                                             and ORDER**

BROCKPORT CENTRAL SCHOOL DISTRICT,

                      Defendant.
_____

## **INTRODUCTION**

     Plaintiff A.C. ("A.C."), by his parents and guardians, Mark and Karen Collichio (the "Collichios", proceeding pro se, brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA") against defendant Brockport Central School District ("defendant" and/or the "District"). Specifically, the Complaint contains six claims as follows: (1) seeking reimbursement for attorney's fees; (2) requesting judicial review and reversal of the State Review Officer's ("SRO") May 29, 2008 Decision ("Decision No. 08-028") regarding appropriateness of the parental placement and tuition reimbursement for time period May 2007 through June 2007; (3) seeking review of the SRO's Decision No. 08-028 that the unilateral residential placement of A.C. for the months of July and August 2007 was not reasonably calculated to provide meaningful educational benefits and requesting tuition reimbursement for that time period; (4) requesting judicial review and reversal of the SRO's Decision No. 08-028 that the unilateral residential placement

of their child for September 2007 through June 2008 was not reasonably calculated to provide meaningful educational benefits, and for tuition reimbursement for the same time frame; (5) requesting judicial review of issues for months of July and August 2008 and requesting tuition reimbursement of their child's unilateral residential placement for that time period; and (6) seeking judicial review and reversal of the SRO's Decision No. 08-028 that the parents are not entitled to tuition reimbursement for the unilateral residential placement of their child for any period of time between May 2007 and August 2008 and requesting reimbursement of a "Parent Enrollment Agreement."

In response to plaintiff's claims, the defendant moves to dismiss for the following reasons: 1) insufficient service of process under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(5), 4(c) and 4(j); 2) lack of subject matter jurisdiction under 12 (b)(1), failure to state a claim upon which relief can be granted under 12(b)(6) and failure to comply with 20 U.S.C. §1415(i)(2)(C)(i) for failure to include records of the administrative proceedings below; 3) insufficient process under Fed.R.Civ.P 4, 10 and 12(b)(4) for failure to include in the caption of the Summons and in the caption and text of the Complaint the actual name of "A.C.," because the Collichios seek relief for themselves, but are not individually named parties in the caption of either the Summons or the Complaint and because "A.C." has not

requested that he/she be allowed to proceed anonymously or with a fictitious name, nor has the Court authorized such proceeding; 4) non-attorney parent cannot bring a pro se action on behalf of his/her child; 5) Collichios are not prevailing parties in the SRO Decision No. 08-028 and accordingly the First Claim must be dismissed; 6) Collichios are not parties for themselves (but name themselves as bringing the action for "A.C.") and thus they cannot obtain relief for themselves; 7) failure to exhaust administrative remedies and as such the Fifth claim must be dismissed; and 8) the Sixth claim must be dismissed as premature. The Collichios oppose the defendant's motion to dismiss the Complaint.

For the reasons set forth below, the defendant's motion to dismiss is granted pursuant to Fed.R.Civ.P. 12(b)(5).

**BACKGROUND AND PROCEDURAL HISTORY**

On September 26, 2008, A.C. by his parents and guardians, Mark and Karen Collichio, proceeding pro se filed a Complaint with this Court. Thereafter, the Summons was issued with the same date. Defendant argues that neither the Summons nor the Complaint has been personally served on the District.[1] On October 16, 2008, the District filed a motion to dismiss based on lack of jurisdiction and failure to state a claim upon which relief could be granted. In its Notice of Motion, defendant included a statement reserving the

---

[1] In addition, defendant contends that "A.C." is an adult with a date of birth of March 3, 1999. See Affidavit of Steven S. Passero ("Passero Aff.") ¶2. Accordingly, defendant argues that A.C was over the age of 18 at the time the Complaint was filed with the Court and could bring an action in his/her own name.

right to file reply papers and accordingly, any answering papers to be submitted by the Collichios were due eight business days before the return date.

Shortly after the motion was filed and served, the Court issued a notice that the return date of the motion would be December 4, 2008. Based on Local Rule 7.1(c), the Collichios' answering papers were due to be filed and served no later than November 21, 2008. The Collichios responded to the motion in an untimely manner on December 3, 2008. Defendant requested an extension of time to file and serve reply papers, which was granted by this Court. In addition, Fed.R.Civ.P. 11 requires that a written motion state the signer's address, e-mail address, and telephone number. Here, defendant states that the Collichios' responding papers does not reference an address, e-mail address and telephone number and thus, does not meet the requirements of Rule 11.

Defendant requests that this Court decline to consider plaintiff's responding papers because of untimeliness and because they are unsigned. The Court is aware that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law...." See Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983) (internal quotations and citation omitted). However, in this case, it will consider the Collichios' late response papers since it has also granted the defendant's request for an extension

of time to file a reply brief. Accordingly, both parties have not been prejudiced and the Court will consider all the arguments before it. With respect to defendant's Rule 11 argument, while the Collichios did not technically follow all the requirements, Karen Collichio did sign her name and date the bottom of the responding papers. A minor technical failure to follow a rule should not prevent a pro se litigant from presenting his or her case. See Gil v. Vogilano, 131 F.Supp.2d 486, 494 (S.D.N.Y.2001) ("a pro se litigant...'should not be impaired by the harsh application of technical rules.'") (citations omitted).

## DISCUSSION

### I. Motions To Dismiss

"Where a Court is asked to rule on a combination of Rule 12 defenses, it will pass on the jurisdictional issues before considering whether a claim is stated in the complaint." See Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F.Supp. 765, 769 (E.D.N.Y.1995); Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir.1963) ("[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant--a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim"); see also Hertzner v. U.S. Postal Serv., 2007 WL 869585 at *3 (E.D.N.Y.2007); Hayden v. New York Stock Exch., Inc., 4 F.Supp.2d 335, 337 (S.D.N.Y.1998). Therefore, this Court shall address the jurisdictional defenses before turning to the defenses

addressed to the legal sufficiency of the allegations in the Complaint.

## II. **Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficiency of Service of Process**

Defendant moves to dismiss for insufficient service of process. "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency [of service] of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." See Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F.Supp.2d 382, 387 (S.D.N.Y.2002); see also C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc., 419 F.Supp.2d 419, 427 (S.D.N.Y.2005) ("[I]n resolving [a 12(b)(5)] motion, the court 'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service"). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" See Mende v. Milestone Tech., Inc., 269 F.Supp.2d 246, 251 (S.D.N.Y.2003), quoting Preston v. New York, 223 F.Supp.2d 452, 466 (S.D.N.Y.2002). "'Conclusory statements' that service was properly effected are insufficient to carry that burden." See C3 Media & Mktg., 419 F.Supp.2d at 427 (quoting Howard v. Klynveld Peat Marwick Goerdeler, 977 F.Supp. 654, 658 (S.D.N.Y.1997)).

Rule 4(j)(2) states that "[s]ervice upon a...governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to the chief executive officer or by

serving the complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." See Fed.R.Civ.P 4(j)(2); see also Wright & Miller, Federal Practice and Procedure: Civil 2d § 1109; see also Johnson v. New York City Bd. of Educ., 23 Fed.Appx. 70, 71, 2001 WL 1586692 (2d Cir.2001); Pourzandvakil v. Humphrey, 1995 WL 316935 at *3 (N.D.N.Y.1995). The Superintendent of Schools of a central school district is the chief executive office of the school district. See N.Y. Educ. Law § 1711(2)(a), 1804(1).

Defendant argues that service of process was defective under §312-a of the N.Y. C.P.L.R. Pursuant to this section, a plaintiff may serve a defendant by mailing the summons, complaint, two copies of an acknowledgment form, and a return envelope, postage prepaid to the defendant. See C.P.L.R. §312-a(a). For service by mail to be effective, the defendant must "complete the acknowledgment...and mail or deliver one copy of [the completed forms to the sender] within thirty days." See C.P.L.R. §312-a(b); see also Dillion v. U.S. Postal Serv., 1995 WL 447789 at *4 (S.D.N.Y.1995) ("Service is not complete until the defendant returns the acknowledgment form to the plaintiff, and [i]f the acknowledgment of receipt is not mailed or returned ... [plaintiff] is required to effect personal service in another manner.") (internal quotation marks omitted). Defendant argues that service of process was defective because: (1) the Collichios did not mail the required statement of service by mail and acknowledgment of receipt forms; and (2) did not mail the

Summons and Complaint together to defendant.[2] Plaintiffs do not contend that they received an acknowledgment form, nor do they contend that they sent the appropriate statement of service and acknowledgment of receipt forms to defendant. In addition, the record does not disclose that the Collichios attempted to serve process on the District in any manner except by mail. Thus, service of process on defendant did not comply with the requirements of C.P.L.R §312-a. See Mende v. Milestone Tech., Inc., 269 F.Supp.2d at 252; Sunbear Sys. v. Schaffhauser, 1998 WL 265239 at *1 (S.D.N.Y.1998) ("Although personal service by mail is permitted under C.P.L.R. Section 312-a, there is no evidence...defendants executed...an acknowledgment, as required by that provision. Accordingly, service on the defendants was improper, and the Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).")

The Collichios also did not comply with the requirements of Fed.R.Civ.P. 4(j)(2) because they did not serve the Superintendent personally. Although they attempted to serve the District by mail, they have not complied with the requirements of §312-a of the C.P.L.R. As stated above, §312-a provides that a plaintiff may serve any defendant by mailing the summons, complaint and an acknowledgment form to the defendant. The defendant must then "sign, date and complete the acknowledgment...and mail or deliver one copy of the completed form to the sender within thirty days"

---

[2] On September 29, 2008, defendant received an envelope certified mail post marked which contained only a Complaint. See Passero Aff., ¶4. On September 30, 2008, defendant received an envelope certified mail post marked which contained only a Summons. See id., ¶5.

from the date the defendant receives the form. See C.P.L.R. §312-a. Service is not complete until the defendant returns the acknowledgment form to the plaintiff, and "[i]f the acknowledgment of receipt is not mailed or returned...[the plaintiff] is required to effect personal service in another manner." See Shenko Elec., Inc. v. Hartnett, 558 N.Y.S.2d 859 (4th Dept. 1990) (citing CPLR §§ 312-a(e) and (f)); see also Husner v. City of Buffalo, 172 F.3d 37, 1999 WL 48776, at *1 (2d Cir. 1999). The Collichios mailed the summons and complaint but did not comply with the requirement to include two copies of their "proof of service-acknowledgment of service" form or a return envelope, postage prepaid. Therefore, they failed to effect proper service of process under Rule 4(j)(2) or §312-a. Thus, defendant's motion to dismiss for insufficient service of process is granted.

Because the Collichios have failed to demonstrate that they have served the defendant other than by mail, the District's motion to dismiss pursuant to Rule 12(b)(5) is granted. The Court need not consider defendant's other grounds to dismiss because they are now moot.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (5) is granted. The Complaint is dismissed without prejudice. The Collichios may file a new Complaint which must be served on defendant in compliance with the Federal Rules of Civil Procedure

and within the period provided by any applicable statute of limitations.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          <u>s/Michael A. Telesca</u>
                                                MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
           April 16, 2009